UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                         DECISION AND ORDER

                                                                         13-CR-6149L

                    v.

KEITH LEWIS,

                                Defendant.
_____

       On October 25, 2013, defendant Keith Lewis ("Lewis") pleaded guilty to a one-count Information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute  280 grams or more of cocaine base.  The Plea Agreement provided for a mandatory minimum term of imprisonment of 20 years with a maximum sentence of life.  The enhanced penalties applied because of the drug quantity but also because of the defendant's prior drug felony conviction.[1]

       The Plea Agreement also contained a summary of the parties' understanding as to the United States Sentencing Guidelines ("Guidelines") application.  Based on Lewis's Criminal History of IV and other calculations, the Guideline range was 292 to 365 months, a fine of $20,000 to $2,000,000 and a period of supervised release of ten years.  In addition, Section VII of the Plea Agreement contained a cooperation provision that upon the defendant's providing substantial assistance and fully comply with all the terms of the agreement, the Government agreed to move at sentencing to depart from the Guidelines under § 5K1.1 and/or the imposition of a sentence below the mandatory minimum term pursuant to 18 U.S.C. § 3553(e).

       In fact, it appears that almost immediately after his arrest, Lewis engaged in several proffer sessions with the Government.  During those sessions, Lewis admitted obtaining sizeable quantities

---

[1] As will be discussed, Lewis actually had multiple prior drug felony convictions.

of cocaine from several sources and admitted selling drugs out of drug houses, including 208 Conkey Avenue, Rochester, New York.  On the day of her arrest, Lewis's wife, Mahogany Lewis, gave a detailed statement to the police inculpating both her and Keith Lewis in the purchase, and distribution of narcotics.

Now, with a new lawyer, approximately eleven months after the guilty plea, Lewis moves to withdraw the previously entered guilty plea (Dkt. #50).  The Government has filed its Response (Dkt. #54) which includes, as Exhibit A, an affidavit from Joel Krane, Esq., Lewis's attorney at the time of the plea.

I have carefully reviewed the motion, the Government's Response, together with the Plea Agreement and the transcripts of court proceedings that occurred on October 23, 2013 (Dkt. #52) (hereinafter "Tr. October 23, 2013") and the transcript of the plea proceeding on October 25, 2013 (Dkt. #53) (hereinafter "Tr. October 25, 2013").

Because I believe that Lewis has failed to establish "a fair and just reason for requesting the withdrawal," the motion to withdraw the plea is in all respects denied.

## DISCUSSION

This case involves little more than buyer's remorse.  There was a thorough discussion with Lewis on October 23, 2013 (Dkt. #52) concerning Lewis's decision whether or not to accept the proffered Plea Agreement.  As discussed and pointed out there, because Lewis had several prior drug convictions, if he were to be convicted on the pending charges, he was advised by the prosecutor that he faced a sentence of mandatory life imprisonment (Tr. October 23, 2013, p. 3) and he admitted that when he entered the plea. Lewis's wife, Mahogany, also faced drug charges. Avoiding the potential mandatory life sentence was obviously a factor in Lewis's decision to plead guilty.  As part of the plea, the Government did not file an Information pursuant to 21 U.S.C. § 851 concerning Lewis's multiple prior drug convictions.  Had it done so, a mandatory life sentence would have been required.

At the time of the plea on October 25, 2013, Lewis specifically admitted to the Court that the fact that his wife got a better plea offer and that the Plea Agreement was such that Lewis did not face a mandatory life sentence were factors in Lewis's decision to take the plea (Tr. October 25, 2013, p. 17-18).  Not only were those matter discussed at the time of the plea on October 25, 2013, but also two days earlier on October 23, 2013.

 Lewis now claims that he should be entitled to withdraw his plea because he was provided ineffective assistance of counsel at the time of the plea and because he now asserts, in conclusory fashion, his innocence.  There is no basis for either claim.

The standards for determining whether to allow withdrawal of a guilty plea at this stage, before sentencing, are well established. A motion to withdraw a plea before sentencing may be granted when the defendant demonstrates a "fair and just reason for requesting the withdrawal." Fed. R. Cr. P. 11(d)(2)(B). "While this standard implies that motions to withdraw prior to sentence should be liberally granted, a defendant who seeks to withdraw his plea bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008) (internal quotation marks omitted). "To determine whether the defendant has proffered a 'fair and just reason'" justifying withdrawal, "a district court should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *Id.*

The Government's Response to the motion sets out clearly the time line and nature of this prosecution. It establishes the charges, the quantity of drugs involved, Mahogany Lewis's admissions implicating herself and her husband, as well as court proceedings both before and at the time of the plea, which set forth clearly the statutory penalties and the risks that Lewis faced should he gamble and proceed to trial.  Lewis had multiple prior convictions and, in fact, admitted that he had gone to trial previously.

Defendant does not challenge the thoroughness of the Rule 11 colloquy and a perusal of the plea transcript (Tr. October 25, 2013) demonstrates that Lewis was fully advised of all the requirements under Rule 11. Lewis does not claim otherwise.

The claim now made, contrary to what was said at the time of the plea and now raised in this motion eleven months after entry of the plea, is that Lewis's attorney somehow misled him as to sentencing possibilities. He also claims some coercion as his wife was also facing charges. Denial of the motion is warranted and no hearing need be held.

First, there has been an inordinate delay in asserting the claims now raised by Lewis. One of the important factors that the Court must weigh in determining whether to grant the motion is the amount of time that has elapsed between entry of the plea and the filing of the motion. This factor weighs against defendant. There was no prompt motion.

The plea was entered on October 25, 2013 and the motion to withdraw was not filed until September 23, 2014, eleven months later. Admittedly, Lewis did raise the issue a few months earlier when his attorney advised the Court by letter of June 9, 2014, that Lewis sought to withdraw his plea. But, that eight month delay from plea to the attorney's letter still undercuts defendant's claim that his plea was coerced and that he was misled by his attorney.

Lewis first raised issues about his plea within weeks of the scheduled sentencing date of June 24, 2014. Virtually on the eve of sentencing, Lewis sought to vacate the plea that had been in place for eight months. Such a lengthy delay severely undercuts Lewis's claims. Courts have found such periods of delay to be an important factor in denying the withdrawal motion. *See*, *e.g.*, *United States v. Bishop*, 541 Fed.Appx. 65, 67 (2d Cir. 2013) (district court properly concluded that the 13-month delay between defendant's guilty plea and his motion to withdraw his plea weighed against finding that withdrawal was "fair and just" under Rule 11(d)); *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) (five-month delay between defendant's guilty plea and motion to withdraw supported denial of that motion); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (same regarding seven-month delay).

4

Aside from the delay, plaintiff's claims must fail and the motion denied. The assertions now made are all contrary to the statements made by Lewis, under oath, at the time of the plea. He indicated at that time that no one forced or coerced him to plead guilty, and he also stated that he clearly understood the statutory penalties that applied, as well as the anticipated Guidelines that related to the offense.

Defendant did have a cooperation provision, but it was clear from both the October 23, 2013 and October 25, 2013 proceedings that no promises as to the actual sentence were made either by the Court or counsel. The ultimate sentence would, of course, depend on the nature of the substantial assistance provided by Lewis and the nature of the Government's motion.

Lewis was advised at the time of the plea (Tr. October 25, 2013, p. 13) that absent cooperation and the Government's motion for a reduction, the Court must impose a 240 month mandatory minimum sentence. Lewis was also advised that the parties agreed to the Guideline range which was 292-365 months and neither side could seek deviance from those Guidelines, except for the provisions in the cooperation section. Lewis indicated that he understood all of that. Lewis acknowledged at the plea, that the fact his wife was given some favorable benefit was a factor in his decision to plead as well as the fact the Government was not relying on Lewis's other prior drug convictions which would have raised his sentence to mandatory life imprisonment (Tr. October 25, 2013, p. 17-18).

Lewis now claims in his affidavit in support of the motion (Dkt. #50, ¶ 16-20), that his prior attorney, Joel Krane, Esq., advised Lewis that he would be facing a sentence of ten years which could be further reduced by virtue of cooperation. He also claimed that his wife was facing serious charges which influenced him in taking of the plea.

Lewis's present claim was that he was looking at a sentence of ten years is directly contrary to Lewis's statements at the time of the plea that he understood that he was facing a minimum sentence of twenty years imprisonment, as well as the Guideline range of 292-365 months. Furthermore, Lewis's attorney, Krane, clearly refutes those statements made in Lewis's motion. That affidavit (Government's Response, Ex. A) refutes Lewis's claim and is consistent with what

occurred at the time of the plea.  Moreover, it also confirms what Lewis's attorney said on the record at the proceeding on October 23, 2013 when Lewis asked for a few more days to consider whether to plead.  At that time, the mandatory life sentence was discussed if there were a verdict after trial and the Government filed an Information (21 U.S.C. § 851) which set forth Lewis's multiple prior drug felonies.

During the plea colloquy on October 25, 2013, the Court specifically advised Lewis that without the Government's motion, the Court was required to impose a twenty-year minimum sentence.  Lewis was clearly advised that the ultimate sentence would depend on the extent of his cooperation and the Government's motion.  The Court could not go below the statutory minimum unless the Government makes the motion based on substantial assistance (Tr. October 23, 2013, 4-6).

The Court specifically advised Mr. Lewis that there were "a lot of possibilities" but that there were "no promises."  (Tr. October 23, 2013, p. 6-7).  Although apparently Lewis had pressed his attorney for the precise sentence he might receive, that attorney responded, accurately, that he could not tell and promise Lewis that he would get a specific sentence, for example, twelve years (Tr. October 23, 2013, p. 7).

So, the record is clear that Lewis was fully advised on several occasions of the risk of proceeding to trial and facing a mandatory life sentence of imprisonment.  The evidence against Lewis appeared substantial and Lewis now really makes no *bona fide* claim of innocence.  Other than claiming, in conclusory fashion, that he is innocent, he provides no facts to support that.

It is also clear that the Sentencing Guidelines were clearly explained, as was the mandatory minimum sentence.  It was clear that Lewis had cooperated, expected to continue on that course, and as was explained several times, the cooperation, the nature of it, and the Government's motion, could affect both whether the sentence was below the mandatory minimum twenty-year sentence, and the Guidelines.  There was never any promise or indication by the Court as to what the sentence would be and Lewis's attorney made that clear on the record and confirmed it in the affidavit submitted to the Court as part of the Government's Response.

All of the above clearly warrants denial of Lewis's motion.   But, in addition, the Government has been disadvantaged because Lewis's wife has already received the benefit of the bargain that flowed from Lewis's guilty plea, which was that she received a more lenient plea agreement.   Lewis's wife pleaded guilty, has already been sentenced to time served and was released from custody in December 2013.   Lewis did not seek to withdraw his plea until after his wife had obtained the favorable plea and sentence.   Obviously, the Government cannot undue Lewis's wife's plea and sentence at this time.

For all the above reasons, defendant Keith Lewis's motion to withdraw the guilty plea is in all respects denied.

## CONCLUSION

Defendant Keith Lewis's motion (Dkt. #50) to withdraw his guilty plea is denied.

Sentencing is scheduled for December 2, 2014 at 11:00 a.m. Any filings or motions by the Government must be filed by November 18, 2014, and any sentencing statement filed by the defense must be filed by November 25, 2014.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 4, 2014.