UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                            Plaintiff,

          v.

KEITH LEWIS,

                            Defendant.
_____

DECISION AND ORDER

13-CR-6149L
19-CV-6033L

Defendant Keith Lewis ("Lewis") filed a motion pursuant to 28 U.S.C. § 2255 (Dkt. #80) on January 10, 2019. Lewis also has filed a motion (Dkt. #84) for an immediate hearing. Lewis claims that his constitutional rights are violated because of ineffective assistance of counsel.

On February 4, 2019, the Government filed its Response ("Government Response") to the § 2255 motion and seeks summary dismissal of the motion (Dkt. #83).

The Government's motion to dismiss is granted; defendant's motion pursuant to 28 U.S.C. § 2255 is in all respects denied.

Much of what Lewis seeks here has previously been raised on direct appeal and was rejected by the United States Court of Appeals for the Second Circuit in affirming Lewis's conviction. Essentially, Lewis seeks to relitigate that which has already been adjudicated. Because of that and for several other reasons, it is clear that Lewis's motion should be denied.

Shortly before trial, Lewis pleaded guilty, pursuant to a written plea agreement, to a single count of conspiracy to possess with intent to distribute and distribute 280 grams of cocaine base.

That agreement is annexed to the Government's Response as Exhibit 1. The transcript of the plea hearing is annexed as Exhibit 2.

As the trial approached, Lewis was in a very precarious position. Lewis had at least two prior felony drug convictions. As the prosecutor stated at the plea hearing (Exhibit 2, p.17), were Lewis to be convicted after trial, he faced a mandatory sentence of life imprisonment. Another factor in the plea negotiation was that if Lewis's case was resolved by plea, his wife would be allowed to plead guilty under much more favorable terms.

Lewis confirmed to the Court during the plea colloquy that both his wife's more favorable deal and the risk of facing trial with a potential mandatory life sentence were factors in his decision to plead guilty. (Exhibit 2, pp. 17-18).

A review of the plea hearing demonstrates that the Court went over the Plea Agreement with Lewis in depth. Lewis admitted that he had one prior felony drug conviction which subjected him to a mandatory 20-year term. The Government had filed an Information pursuant to 21 U.S.C. § 851 advising the Court of only a single prior drug felony conviction as part of the Plea Agreement; the Government did not file a notice relative to additional felony drug convictions.

During the plea discussion, Lewis acknowledged that he faced a sentencing range under the United States Sentencing Guidelines which was well above the 240 month minimum sentence, specifically 292-365 months. Lewis agreed that the range was the appropriate Guideline range (Exhibit 2, p. 11).

In part, the Government now seeks dismissal of Lewis's motion because as part of the Plea Agreement he agreed to waive the right to file a direct appeal or to move for collateral relief under § 2255. At the plea hearing, this Court discussed in depth the appeal waiver section of the Plea Agreement (Exhibit 1, p. 9; Exhibit 2, p. 14). Lewis acknowledged under oath on the record that

he could not appeal any sentence within or lower than the Sentencing Guideline range of 292-365 months.

When Lewis appeared for sentencing, the Court imposed a sentence well below the agree-upon Guidelines of 292-365 months and imposed the lowest term permitted, the 20-year mandatory minimum sentence.

Contrary to his agreement not to appeal, Lewis did just that and appealed to the Second Circuit. But the Second Circuit dismissed Lewis's appeal in a Decision filed December 18, 2017, 717 F. App'x 21 (2017), which is also annexed to the Government's Response as Exhibit 3. That Decision effectively controls and resolves the issues that Lewis now seeks to raise in the § 2255 motion. The Second Circuit held that Lewis's waiver of the right to appeal was valid and enforceable. For that reason, the Circuit dismissed his appeal.

For the same reasons stated by the Second Circuit, Lewis's waiver of the right to file a § 2255 motion should also be enforced. The record shows that this Court specifically discussed this waiver with Lewis and, under oath, Lewis acknowledged his understanding of that waiver provision (Ex. 2, p. 14).

The Second Circuit decision not only dealt with enforcing the appeal waiver, but with other matters Lewis seeks to raise again in the instant motion. The Circuit affirmed this Court's denial of Lewis's motion to withdraw his plea and his claim that the Government acted in bad faith in refusing to move under 5K of the Guidelines for a reduction of sentence based on cooperation. The Government believed that Lewis had violated the Plea Agreement and the Second Circuit affirmed this Court's decision not to allow withdrawal of the plea.

The Second Circuit also rejected Lewis's claim that his lawyer provided ineffective assistance of counsel. The record at the plea hearing belied Lewis's claims that he was unaware of the potential sentence.

Section 2255 is not a vehicle for relitigating matters already determined. That is precisely what Lewis now seeks to do. Lewis accepted a plea avoiding a possible conviction at trial which would have required a mandatory life sentence. Although the United States Sentencing Guideline range was 292-365 months, this Court imposed a much more lenient sentence.

Lewis got the benefit of the plea bargain in terms of the very reduced sentence. Having received that benefit, he should be held to the other terms of the Plea Agreement which include a waiver of the right to appeal or collaterally attack the judgment and sentence.

## **CONCLUSION**

Defendant Keith Lewis's motion pursuant to 28 U.S.C. § 2255 (Dkt. #80) is in all respects DENIED. Similarly, defendant's motion (Dkt. #84) for an immediate hearing is DENIED.

Furthermore, the Court denies a certificate of appealability because the defendant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 13, 2019.

4