UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                                                                       DECISION AND ORDER

                          Plaintiff,

                                                                                                                    13-CR-6149L

                          v.                                                                                             20-CV-6067L

KEITH LEWIS,

                          Defendant.
_____

        Defendant Keith Lewis ("Lewis") has had several matters before this Court and the United States Court of Appeals for the Second Circuit subsequent to his guilty plea, pursuant to a written Plea Agreement charging a narcotics conspiracy. That charge involved the distribution of at least 280 grams of cocaine base in October 2013. On December 2, 2014, this Court sentenced Lewis principally to the statutory mandatory minimum term of 240 months imprisonment.

        Although the specific terms of the Plea Agreement (Ex. 1, Government's Response to Defendant's Second Motion to Vacate at Dkt. #119) specifically precluded any direct appeal or collateral attack of the Judgment, Lewis did file a direct appeal (Dkt. #64), *pro se*, within days of entry of this Court's Judgment.

        In a detailed Decision, the United States Court of Appeals for the Second Circuit dismissed Lewis's appeal in a mandate issued January 8, 2018 (Dkt. #77). The Second Circuit referenced many significant provisions in the Plea agreement, including the fact that Lewis was facing a mandatory minimum 20-year term of imprisonment with a maximum possible term of life imprisonment. The Court also acknowledged that the United States Sentencing Guidelines for this offense was 292-365 months imprisonment. Significantly, Lewis confirmed his understanding

that he had waived his right to appeal any sentence that fell within the stipulated Guideline range of 292-365 months.

The Court of Appeals specifically noted that this Court questioned Lewis "extensively" about his understanding of all aspects of the Plea Agreement. The Second Circuit affirmed the Judgment and discussed at length Lewis's waiver of his right to appeal the conviction. The Court of Appeals held that the record clearly demonstrated that Lewis's appeal waiver was knowing and voluntary. Lewis signed the Plea Agreement and agreed to be bound by all of its terms.

The Second Circuit also considered and discussed Lewis's several arguments relative to the alleged ineffective assistance of an attorney who appeared subsequent to Lewis's entry of the guilty plea. The Court of Appeals concluded that defendant's arguments were all without merit; he waived his right to appeal. There is no evidence to conclude that that agreement was unknowing, involuntary or the produce of ineffective assistance of counsel.

That should have concluded the matter but Lewis filed a motion to vacate the Judgment pursuant to 28 U.S.C. § 2255 (Dkt. #80) on January 10, 2019. That filing was, of course, also precluded by the Plea Agreement and the Second Circuit's dismissal of the original appeal. This Court entertained the motion and by Decision and Order filed March 13, 2019 (Dkt. #86), denied the motion in all respects and denied a certificate of appealability. In that decision, I noted that much of what Lewis raised in this Section 2255 petition was raised on direct appeal and specifically rejected by the Second Circuit. I also referenced the transcript of the guilty plea hearing (Ex. 2, Government's Response at Dkt. #85)). The prosecutor noted at the hearing as did this Court in its Decision that because Lewis had at least two prior drug felony convictions, were he convicted he faced not a mandatory 20-year sentence, but a MANDATORY TERM OF LIFE imprisonment. It was also noted that if Lewis accepted the plea, his wife would be allowed to plead guilty under much more favorable terms. Most significantly, Lewis admitted to the Court (Ex. 2, pp. 17-18)

that the potential mandatory life sentence was a factor in his decision to plead guilty and face a much lesser sentence.

Lewis got exactly what he bargained for. Based on his prior record, he actually received the minimum allowable sentence, one well below the suggested sentencing guidelines. The Court was lenient in that respect. And, of course, he received favorable terms for his wife and avoided the drastic possibility that were he convicted at trial with two prior felony drug convictions, he faced a mandatory life sentence. Lewis should not be heard now to complain about the not-unfavorable disposition of this most serious narcotics prosecution.

Once again, that should have ended the matter but Lewis filed another motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. #93), *pro se*, on January 28, 2020. Because this Court believed this petition was a second or successive petition, it referred the case to the Second Circuit for consideration. Eventually, the Second Circuit, by Mandate issued March 14, 2022, ruled that based on the unique posture of the case, Lewis's new motion was not truly a successive petition and, therefore, the Second Circuit remanded the matter to this Court for consideration. It is, therefore, this motion (Dkt. #93) that is before this Court.

The Government has now filed a detailed Response with exhibits (Dkt. #119) opposing Lewis's second motion to vacate. The Government's Response is thorough and complete and tracks much of the procedural history outlined above.

First, the Government contends, and I agree, that this motion should be dismissed for the same reason his first Section 2255 motion was dismissed, that is because of the valid appeal and collateral-attack-waiver contained in the Plea Agreement. That waiver, was of course, specifically addressed by the Second Circuit in Lewis's prior attempt to file a direct appeal from the Judgment. Lewis has advanced no reason why the Second Circuit's decision should not preclude his raising the issue once again in this motion.

3

On the merits, Lewis fares no better. His claims are without merit. He claims that the drug amount attributable to him was not proper relevant conduct. Clearly this was not so. The plea referenced 280 grams or more of cocaine base. That resulted in the 20-year term of imprisonment. The higher drug quantity established in the Presentence Report did place Lewis, under the Sentencing Guidelines, to a range of 292-365 months. But, of course, Lewis was not sentenced to that term but to a drastically reduced term.

Lewis's additional claim that there was some defect in his prior felony drug conviction has no merit and is belied by record and the discussion with Lewis at the time of the plea including his admission that he had been so convicted. Lewis's other arguments that his sentence was "out of line with other sentences for similarly-situated defendants" is without merit. Lewis was a drug dealer convicted several times of felony drug crimes. Although he did receive a not-insignificant 20-year term of imprisonment had he forged ahead at trial, the consequences and the risk was substantial that he would now be serving a mandatory life sentence of imprisonment.

## CONCLUSION

Defendant Keith Lewis's motion pursuant to 28 U.S.C. § 2255 (Dkt. #93) is in all respects DENIED. Furthermore, the Court denies a certificate of appealability because Lewis has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 28, 2023.

---

[1] The Court notes that it also previously denied defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #108).